[Civ. No. 908.   Fifth Dist.   June 5, 1968.]

GRACE H. THORNTON, Plaintiff and Appellant, v. BOARD OF TRUSTEES OF THE SNELLING-MERCED FALLS SCHOOL DISTRICT, Defendant and Respondent.

W. J. Cossette for Plaintiff and Appellant.

Samuel K. Brantley for Defendant and Respondent.

STONE, J.—This appeal is from an order of the superior court denying a petition for a writ of mandate upon a review of an administrative proceeding pursuant to Code of Civil Procedure section 1094.5. The administrative proceeding followed respondent school board's refusal to renew appellant's contract as a probationary teacher.

On December 6, 1966, respondent board adopted the following resolution: "Certificated personnel who have attained the age of sixty-five years prior to the opening of the school year, shall automatically be ineligible for employment as a teacher within the school district. This policy shall become effective July 1, 1967."

Pursuant to this resolution the board required every certificated employee to affirm that he would not be 65 prior to the opening day of the school year, September 1, 1967. Appellant, a probationary teacher, became 65 on August 10, 1967. She refused to make the affirmation, insisting that respondent

could refuse to renew her contract only for cause and that reaching 65 is not cause. The board refused to rehire her, whereupon she requested a hearing; respondent complied and one was held before a hearing officer, who upheld the board; his decision was adopted by respondent.

Appellant then filed a petition for writ of mandate in the Superior Court in and for Merced County, seeking a review pursuant to Code of Civil Procedure section 1094.5, and a writ of mandate to require respondent to offer appellant a contract for the school year commencing September 1, 1967. The matter was heard, and thereafter the court entered its order denying the motion.

■ It is clear that mandamus is a proper proceeding for a permanent school teacher to seek restoration to a position from which he claims he was wrongfully excluded. (Code Civ. Proc., § 1085; *Titus* v. *Lawndale School Dist.*, 157 Cal.App.2d 822, 830 [322 P.2d 56].) Respondent contends this right is limited to permanent teachers, that is, those enjoying tenure contract rights.

Any reason for distinguishing between a permanent teacher and a probationary teacher in relation to a mandamus proceeding was eliminated by the enactment of Education Code section 13443. This section gives probationary teachers certain protections against non-renewal of contract which parallel the rights of permanent teachers, such as notice that his services will not be required for the ensuing year, the right to demand a written statement of the board's reasons for not reemploying him, and a right to a hearing before the governing board to determine if there is cause for not reemploying him. (See *Horner* v. *Board of Trustees,* 61 Cal.2d 79 [237 Cal.Rptr. 185, 389 P.2d 713].) We conclude that the remedy of mandamus is available to a probationary teacher as well as to a permanent teacher who has been refused reemployment.

■ Turning to the merits of respondent's refusal to reemploy appellant, the only reason given was the resolution of December 6 establishing a policy of not employing any teacher over 65 years of age. This, argues appellant, does not comply with the requirements of Education Code section 13443, subdivision (e), which provides that ''The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. . . .''

Age, standing alone, contends appellant, does not constitute ''cause for dismissal'' in the sense the term ''cause'' is used

in the Education Code. This position is buttressed by Education Code section 13277, which provides: "The Legislature hereby declares that it is contrary to the interest of this State and of the people thereof for any governing board or any person or persons charged by the governing board of any school district with the responsibility of interviewing and recommending persons for employment in positions requiring certification qualifications to fail or refuse to do so for reason of the age or marital status of any applicant for such employment, except as otherwise provided in this code."

Respondent seizes upon the last clause of section 13277, "except as otherwise provided in this code," professing to find the "otherwise provided" in Education Code section 13325 which, in pertinent part, reads: ". . . when a permanent employee reaches the age of 65 years, his permanent classification shall cease and thereafter employment shall be from year to year at the discretion of the governing board."

Palpably, the foregoing language is confined to permanent employees. Respondent contends this specific language is not definitive and because a permanent employee ranks higher than a probationary employee the language is applicable to both classifications. The argument is based upon Civil Code section 3536, "The greater contains the less." This legal maxim does not apply when the Legislature has established separate categories or classifications and thereafter enacts legislation specifically designating one or more of such classes or categories by name. For purposes of determining employment rights the Legislature has divided public elementary teachers into three groups or classifications: permanent, tenured employees (§§ 13304-13333), probationary employees (§§ 13334, 13336.5), and substitute employees (§ 13336). We are concerned with two classifications, permanent or tenured teachers on the one hand, and probationary teachers on the other. ▮▮▮ Under section 13325, when a permanent teacher reaches the age of 65 years, his permanent status ceases and thereafter he may be employed from year to year at the discretion of the governing board. It cannot be assumed, in the face of the classifications established by the Legislature, that in using the unambiguous language of section 13325, "permanent employee," it intended to include the separate class of probationary employees.

There is another ground for believing that the Legislature meant what it said when it confined section 13325 to permanent employees, and this is the provision for retirement. The

concluding sentence reads: "Any certificated employee who is not re-employed under the provisions of this section, and who has not completed the requirements for full retirement salary, shall be deemed to have been retired on account of physical disability."

It is unlikely that a probationary employee would have "completed the requirements for full retirement salary," or be eligible for compensation for retirement on account of physical disability. Thus when the only charge against a probationary teacher is that he has reached age 65, the Legislature did not intend that he should be forced into unemployment without the retirement protections provided permanent teachers by section 13325, unless he is denied reemployment for cause pursuant to section 13443.

Our interpretation of section 13325 poses no dire results for a school district because the probationary status cannot continue indefinitely (§ 13307); once a 65-year-old teacher completes the three-year probationary period he comes within the ambit of section 13325 and automatically loses his permanent status. He can be hired from year to year at the discretion of the board or is retired under provisions of section 13325, quoted above.

It is significant, also, that the school district is protected in the case of a probationary teacher who has reached age 65 and is not qualified to teach because of physical or mental impairment which may or may not be incident to reaching that age. The board may, by complying with the provisions of Education Code section 13443, refuse reemployment for cause.

There remains respondent's argument that when a probationary teacher reaches the age of 65 he automatically comes within the language of section 13443, which requires "cause" for refusing to reemploy a probationary teacher. Respondent's reasoning is that when the Legislature enacted section 13325, depriving teachers of their permanent status at age 65, it established this age as cause for refusing to rehire a teacher, permanent or probationary. ■ As a matter of semantics we interpret the word "cause" in the sense in which it is used in section 13443, to imply something more than merely reaching age 65 or any other particular age, since the section relates "cause" to the welfare of the schools and the pupils. (See also § 13277, *supra*.) This reasoning is fortified by section 13325, upon which respondent relies. By that section the Legislature vested the school board with discretion to rehire from year to year a permanent teacher who has

reached age 65, which it would not have done had it believed age 65 per se makes a teacher unfit to carry out his duties as a teacher or renders him inimical to the welfare of the schools and the pupils thereof.

In conclusion, if the age of a probationary teacher is attended with physical or mental impairment that interferes with his teaching, section 13343 allows the board to refuse to renew his contract for cause. If age 65 is not accompanied by an impairment, nevertheless upon obtaining tenure the 65-year-old teacher comes within section 13325 and loses his permanent status but may be hired from year to year, protected by the retirement provisions of section 13325 that mollify the loss of permanent status at age 65.

The order denying writ of mandate is reversed.

Conley, P. J., and Gargano, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 31, 1968.