[Civ. No. 25906. First Dist., Div. Two. Dec. 29, 1969.]

NANCY McGLONE et al., Plaintiffs and Appellants, v.
MT. DIABLO UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

## COUNSEL

Levy, DeRoy, Geffner & Van Bourg, Victor J. Van Bourg, Stewart Weinberg and Raoul D. Kennedy for Plaintiffs and Appellants.

John A. Nejedly, District Attorney, and Saul Fishman, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**AGEE, J.**—Plaintiffs appeal from the judgment of the superior court discharging an alternative writ of mandate theretofore issued by it and denying a peremptory writ of mandate against defendants Mt. Diablo Unified School District, et al.

On August 31, 1966, the above named school district (hereafter

"District") employed appellant Nancy McGlone (hereafter "McGlone") as a probationary teacher to serve at its Pacific High School.

On March 10, 1967 the superintendent of the District recommended that the District give notice to McGlone that her services would not be required for the ensuing school year, and stating the reasons therefor. Such notice was given. (Ed. Code, § 13443, subds. (a) and (b).)

On March 13, 1967 McGlone requested in writing a hearing to determine if cause existed for not reemploying her, pursuant to subdivision (c) of section 13443 of the Education Code.

The superintendent filed an accusation against McGlone dated March 29, 1967, which contained 20 specified grounds as causes for not reemploying her. (Gov. Code § 11503.) McGlone filed a notice of defense, dated April 3, 1967, which denied all portions of the accusation and requested a hearing. (Ed. Code, § 13443, subd. (c).)

Beginning on April 14, 1967 a hearing was held before a hearing officer of the Office of Administrative Procedure. Both McGlone and the District were represented by counsel. The hearing required nine days to complete. The hearing officer submitted his proposed decision on June 16, 1967. He found that seven of the twenty items of the accusation were proven to be true, but concluded as follows: "None of the above violations either singularly or in concert constitutes sufficient cause for not reemploying respondent [McGlone] for the ensuing school year 1967-68 as related to the welfare of the school and the pupils thereof within the meaning of section 13443 of the Education Code." He accordingly proposed that the accusation against McGlone be dismissed.

At its regular meeting on June 27, 1967 the Board did not adopt the hearing officer's proposed decision. It elected to make its own decision on the record, including the hearing transcript, without the taking of any additional evidence, as authorized by Government Code section 11517, subdivision (c). It directed that a transcript of the hearing be prepared and also directed respective counsel to submit written arguments.

The Board met on October 26, 1967 for the sole purpose of deciding the within matter. Prior thereto each member of the Board had been furnished with a copy of the hearing transcript and copies of counsels' written arguments.

Each of the charges in the accusation was examined separately. Seven of the twenty charges were found to be "not proved." The other thirteen charges were sustained, in whole or in part. At the conclusion of the three-hour hearing the Board decided, by a vote of four members to one, that McGlone was not to be reemployed for the school year 1967-68.

The charges found proven by the Board, upon which their decision not to reemploy McGlone was based, may be summarized as follows:

(1) McGlone failed to appear, or to provide a substitute in her place, to carry out assigned duties at a football game involving Pacifica High School on October 21, 1966 thereby violating a District regulation.

(2) McGlone appeared at a football game involving Pacifica High School on November 4, 1966, pursuant to her assigned duties as a supervisor of a rooting section, dressed in "Capri pants," at a time when the school's official standards of dress for female students specifically prohibited them from wearing such attire.

(3) Not proved.

(4) McGlone permitted a former student of her husband to speak to her classes on November 21, 1966 without obtaining permission from the principal, thereby violating a District regulation.

(5) McGlone failed to carry out an assignment made to all of the school's teachers on December 14, 1966 to use class time for discussion of students' careers, thereby violating a District regulation.

(6) McGlone received a formal evaluation report made by Head Counselor Brunk on December 15, 1966, which showed "Improvement needed: Unsatisfactory progress" in one of five personal characteristics categories, three of eight out-of-classroom activities categories and none of fourteen classroom teaching categories.

(7) McGlone received an evaluation report made by Vice-Principal Lumpkin on January 10, 1967, which showed "Improvement needed: Unsatisfactory progress" in none of five personal characeristics categories, three of eight out-of-classroom activities categories and eight of fourteen classroom teaching categories. Lumpkin replaced Brunk because he believed McGlone was not being honest with him. McGlone also refused to sign the report, refused to cooperate with Lumpkin and failed to participate in a discussion conference scheduled for the day after the evaluation.

(8) McGlone failed to give a student or his parents a grade failure notice on February 6, 1967, thereby violating a school rule.

(9) Not proved.

(10) McGlone failed to take the attendance roll in one of her classes on February 28, 1967 and failed to report any absences or tardinesses even though there were some of each, thereby violating a school rule.

(11) Not proved.

(12) Not proved.

(13) McGlone permitted student notices advocating a future student demonstration and strike to be posted on her classroom bulletin board on March 3, 1967, thereby violating a District regulation and school rule.

(14) Not proved

(15) McGlone failed to attend the Pacifica Band Festival and fulfill her duties assigned there on March 9, 1967, thereby violating a District regulation.

(16) Not proved.

(17) McGlone left her first period class unattended and unsupervised for a period of time on March 10, 1967, thereby violating a school rule.

(18-19) McGlone failed to send her students to the reading lab in accordance with the school schedule on March 10, 1967 and March 17, 1967, and on March 15, 1967 she did not send a class to the lab and left the class unattended, thereby violating District regulations and school rules.

(20) Not proved.

■ Section 13443 of the Education Code was enacted in 1965 and controls the reemployment of probationary teachers. (The former section of that number was repealed at the same time.) The present section 13443 contains the following provision: "The determination of the governing board as to the sufficiency of the cause [for not reemploying a probationary employee] pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof."

The same provision was contained in former section 13444 of the Education Code, which section was repealed in 1965, except that the present section 13443 adds the word "governing" immediately before the word "board" and substitutes "pursuant to this section" for the words "for dismissal," as contained in former section 13444.

*Did the Reasons for the Board's Refusal to Reemploy McGlone Relate to the Welfare of Pacifica High School and its Pupils?*

McGlone's first contention in her opening brief on appeal is that, under section 13443, subdivision (e), of the Education Code, although "the sufficiency of the cause [for not reemploying her] is solely the province of the governing board . . . the Legislature reserved to the courts the right to determine whether or not that cause related to the welfare of the schools and pupils.

"It will not do for a governing board to simply make the basic factual finding that a teacher performed an act, and then to supplement this with the bare statement that this constitutes cause for dismissal related solely to the welfare of the schools and the pupils thereof. What is necessary is that there be evidence that the cause relates to the welfare of the schools and pupils. . . . Thus, a governing board cannot discharge an individual on the ground that he has Negroid ancestors, by simply announcing that it is for the welfare of the totally Caucasian student body that they are dismissing the teacher. It would be equally arbitrary to refuse to reemploy a teacher because she had red hair."

In other words, McGlone's attack is directed to the latter part of the above quoted provision of section 13443, subdivision (e), i.e., "but the cause shall relate solely to the welfare of the schools and the pupils thereof." She sums up her argument as to this contention as follows: "This Court must hold that it is immaterial that the basic facts alleged to be cause for refusal to reemploy were proven in the absence of proof that the cause *related to the welfare of students.*" (Italics ours.)

■ We agree that although the sufficiency of the cause for dismissal is solely the province of the governing board, the right to determine whether said cause relates to the welfare of the schools and its pupils is reserved to the courts. ■ However, in the instant case, the causes for not reemploying McGlone which the Board found had been proven clearly relate to the welfare of Pacifica High School and its pupils. This being so, "the *sufficiency* of the cause . . . shall be *conclusive"* upon us. (Ed. Code, § 13443, subd. (e); italics added; cf. *Thornton* v. *Board of Trustees* (1968) 262 Cal.App.2d 761, 765 [68 Cal.Rptr. 842].)

Under the similar provisions contained in former section 13444 of the Education Code, the Supreme Court stated the rule to be as follows: "[W]here there is evidence to support the board's findings of fact and where the cause for dismissal found by the board *can reasonably be said to relate* to the 'welfare of the schools and the pupils thereof,' the reviewing court may not consider whether the facts found are sufficiently serious to justify dismissal." (*Griggs* v. *Board of Trustees,* 61 Cal.2d 93, 96 [37 Cal. Rptr. 194, 389 P.2d 722]; italics added.)

In *Raney* v. *Board of Trustees* (1966) 239 Cal.App.2d 256, 259 [48 Cal.Rptr. 555], another case governed by former section 13444, it is stated: "It is not within our power to substitute our own judgment of the character and ability of the petitioner or his worthiness as a teacher; we are powerless to pass judgment on the 'sufficiency of the cause for dismissal."

*Did McGlone Receive a Fair Hearing Before the Board?*

The certified minutes of the first regular meeting of the Board after its receipt of the hearing officer's proposed decision indicate that the chairman "stated that in view of the fact that the administration [superintendent] had recommended that Mrs. McGlone's services be terminated as of June 30 and the Hearing Officer's PROPOSED DECISION was that the charges against her be dismissed, he would recommend that the Board elect to make the decision itself." This recommendation was adopted.

McGlone draws the following conclusion from this action by the Board: "Apparently . . ., the governing board *had already made its mind up in the case* and, even though it had not seen any of the evidence, could not imagine that a Hearing Officer would come up with a contrary conclusion. Consequently, without even discussing the merits or demerits of the decision, it was immediately determined that they would not abide by his recommendation, and would proceed to duplicate his efforts, at great time and expense to all of the parties." (Italics added.)

 We think that the above conclusion is unwarranted. In the first place, the Board took the course of action specifically provided for by statute (Gov. Code, § 11517, subd. (c)). Next, the hearing officer had found that seven of the twenty specifications in the accusation which had been prepared by the District's superintendent were true and yet he had recommended that the accusation be dismissed. It seems to us that this presented the kind of situation in which the Board was well justified in determining that it should look into the matter fully and make its own decision instead of adopting that proposed by the hearing officer.

McGlone speaks of the "atmosphere of hostility and antagonism" against her, which caused the Board "to ignore the Hearing Officer's [proposed] decision and to proceed upon their own decision." The record does not support this statement.

We have carefully read the 97-page transcript of the proceedings of the Board meeting of October 26, 1967. Each of the specifications of the accusation and the testimony given at the hearing before the hearing officer with relation thereto were examined and discussed separately. We reject McGlone's contention that she was not given a fair hearing before the Board.

It is unnecessary to determine whether plaintiff Union and its president are proper parties in this proceeding. However, *American Federation of Teachers* v. *San Lorenzo etc. School Dist.* (1969) 276 Cal.App.

---

[a]Advance Report Citation: 276 A.C.A. 161, 165-166.

2d 132. 136-137 [80 Cal.Rptr. 758], holds directly that they are not proper parties.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

The petition of appellant McGlone for a hearing by the Supreme Court was denied March 11, 1970. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.