[Civ. No. 12719. Third Dist. Mar. 3, 1972.]

CLARE LADD, Plaintiff and Appellant, v.
BOARD OF TRUSTEES OF THE WESTWOOD UNIFIED SCHOOL
DISTRICT, Defendant and Respondent.

## COUNSEL

Coshow & Barr and John D. Barr for Plaintiff and Appellant.

Dawson Arnold, County Counsel, for Defendant and Respondent.

## OPINION

**TAYLOR (Warren), J.***—Petitioner appeals from an order of the superior court summarily denying her petition for a writ of mandate.

The petition was filed on May 22, 1970. It alleged that petitioner was an elementary school teacher employed by respondent Board of Trustees of the Westwood Unified School District. Prior to December 1969, she had been a permanent employee of respondent. In December 1969, she attained the age of 65 and her permanent classification thereupon ceased pursuant to the provisions of section 13325 of the Education Code.[1] On March 11, 1970, the district superintendent informed petitioner by letter that respondent had decided "not to renew your contract for the 1970-71 school year in accordance with Education Code Section 13325." Petitioner received no other written notice from respondent concerning her 1970-71 employment. The petition also alleged that she "was never informed of the charges, if any, against her, nor was she afforded a hearing, nor the opportunity to confront and cross-examine witnesses against her, nor the opportunity to call witnesses in her own behalf, nor was she afforded any opportunity for discovery . . . ." In April 1970, petitioner's attorneys made written demand upon the district superintendent that respondent rehire her for the 1970-1971 academic year. Respondent refused to rescind

---

*Assigned by the Chairman of the Judicial Council.

[1]As amended effective November 10, 1969, section 13325 provides in relevant part: "[W]hen a permanent or probationary employee reaches the age of 65 years, his permanent or probationary classification shall cease and thereafter employment shall be from year to year at the discretion of the governing board. Any certificated employee who is not reemployed under the provisions of this section, and who has not completed the requirement for full retirement salary, shall be deemed to have been retired on account of physical disability."

its decision. Petitioner then sought a writ of mandate to compel respondent to do so.

## I

Petitioner first contends that when the district superintendent informed her, by the letter of March 11, that respondent would not renew her contract, "No reasons for this action were given . . . ." We find no merit in this contention. The superintendent's letter plainly stated that respondent's decision was "in accordance with Education Code Section 13325." Under that section, reemployment of an employee who has reached age 65 is "at the discretion of the governing board." (See fn. 1, *supra.*)

## II

Petitioner's second contention is that Education Code section 13443 (quoted hereinafter) was applicable to her reemployment for the academic year 1970-1971. She argues that subdivision (a) thereof required the superintendent to notify her of the reasons underlying the exercise of respondent's discretion; that subdivision (b) required such notice to advise her of the right to a hearing; and that subdivision (c) entitled her to a hearing and discovery under the Administrative Procedure Act (Gov. Code, § 11500 et seq.). Petitioner further claims that because the procedure prescribed in section 13443 was not followed, respondent lost "jurisdiction to discharge" her and she was "automatically rehired for the next school year by operation of law." (Cf. *Ward* v. *Fremont Unified Sch. Dist.* (1969) 276 Cal.App.2d 313, 318-323 [80 Cal.Rptr. 815].)

As amended effective November 10, 1969 (Stats. 1969, ch. 1315, pp. 2651-2653), Education Code section 13443 provided as follows: "(a) No later than March 15 and before *an employee* is given notice by the governing board that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, *and stating the reasons therefor.*

"(b) *The employee may request a hearing to determine if there is cause for not reemploying him for the ensuing year.* A request for a hearing must be in writing and must be delivered to the person who sent the notice pursuant to subdivision (a), on or before a date specified therein, which shall not be less than seven days after the date on which the notice is served upon the employee. If *an employee* fails to request a hearing on

or before the date specified, his failure to do so shall constitute his waiver of his right to a hearing. *The notice provided for in subdivision (a) shall advise the employee of the provisions of this subdivision.*

"(c) *In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code* [the Administrative Procedure Act] and the governing board shall have all the power granted to an agency therein, except that: (1) the respondent shall file his *notice of defense*, if any, within five days after service upon him of *the accusation* and he shall be notified of such five-day period for filing in the accusation; (2) *the discovery authorized by Section 11507.6 of the Government Code shall be available* only if request is made therefor within 15 days after service of the accusation, and the notice required by Section 11505 of the Government Code shall so indicate; and (3) the hearing shall be conducted by a hearing officer who shall prepare a proposed decision, containing *findings of fact* and a determination as to *whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof*, but the proposed decision shall not contain a determination as to the sufficiency of the cause or a recommendation as to disposition, which sufficiency and disposition shall be determined by the governing board. The proposed decision shall be submitted to the governing board on or before May 7 of the year in which the proceeding is commenced. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds. The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section.

"(d) The governing board's determination not to reemploy *a probationary employee* for the ensuing school year shall be *for cause only*. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but *the cause shall relate solely to the welfare of the schools and the pupils thereof*. The decision made after the hearing shall be effective on May 15, of the year in which the proceeding is commenced.

"(e) Notice to *the probationary employee* by the governing board that his service will not be required for the ensuing year, shall be given no later than May 15.

"(f) If a governing board notifies *a probationary employee* that his services will not be required for the ensuing year, the board shall, within 10 days after delivery to it of the employee's written request, provide him

with a statement of its reasons for not reemploying him for the ensuing school year.

"(g) Any notice or request shall be deemed sufficient when it is delivered in person to *the employee* to whom it is directed, or when it is deposited in the United States registered mail, postage prepaid and addressed to the last known address of *the employee*.

"(h) In the event that the governing board does not give notice provided for in subdivision (e) of this section on or before May 15, *the employee* shall be deemed reemployed for the ensuing school year.

"(i) If after request for hearing pursuant to subdivision (b) any continuance is granted pursuant to Government Code Section 11524, the dates prescribed in subdivisions (c), (d), (e) and (h) which occur on or after the date of granting the continuance shall be extended for a period of time equal to such continuance." (Italics added.)[2]

■ We disagree with petitioner's contention that section 13443 is applicable to her reemployment. Section 13443, providing for an "accusation," a "notice of defense," "discovery," a "hearing," "findings of fact," and "a determination as to whether the charges sustained by the evidence are related to the welfare of the schools and the pupils thereof," is incompatible with the discretion granted to respondent by section 13325. If under section 13325 a permanent teacher who has attained the age of 65 can be rehired *only* from year to year at the discretion of the school board, and if not rehired is deemed retired on account of physical disability where retirement qualifications have not been met, it would be incongruous to apply the procedures and formalities of section 13443. The purpose of the hearing required by section 13443 is to determine if there is "cause" for not reemploying an employee for the ensuing year (subd. (b)). In *Thornton* v. *Board of Trustees* (1968) 262 Cal.App.2d 761, at pages 765-766 [68 Cal.Rptr. 842], the court said:

■ "As a matter of semantics we interpret the word 'cause' in the sense in which it is used in section 13443, to imply something more than merely reaching age 65 or any other particular age, since the section relates 'cause' to the welfare of the schools and the pupils. [Citation.] This reasoning is fortified by section 13325 . . . . By that section the Legislature vested the school board with discretion to rehire from year to year a permanent teacher who has reached age 65, which it would not have done

---

[2]Subsequent to the events here involved, section 13443 was reamended by chapters 273 and 1565 of the statutes of 1970 and by chapters 655 and 659 of the statutes of 1971. These amendments are unrelated to the issues of this case. We will discuss the section in its 1969 form as it applies to the facts of this case.

had it believed age 65 per se makes a teacher unfit to carry out his duties as a teacher or renders him inimical to the welfare of the schools and the pupils thereof."[3]

Although the interpretation in *Thornton* was one involving the 1965 enactment of section 13443 (Stats. 1965, ch. 1110, p. 2755), the language which *Thornton* construed was not changed when section 13443 was amended in 1969, a year after *Thornton* was decided. ■ "Parts of an amended statute not affected by the amendment will be given the same construction that they received before the amendment." (*Brailsford* v. *Blue* (1962) 57 Cal.2d 335, 339 [19 Cal.Rptr. 485, 369 P.2d 13].) In such circumstances, the Legislature is presumed to have adopted the prior judicial interpretation of language unchanged by the amendment. (*People* v. *Curtis* (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33]; *Summers* v. *Freeman* (1954) 128 Cal.App.2d 828, 832 [276 P.2d 131].)

Petitioner's entire argument rests on the fact that subdivision (a) of section 13443, as enacted in *1965*, provided in relevant part that "On or before the 15th day of May in any year, the governing board may give notice in writing to a *probationary employee* that his services will not be required for the ensuing year . . . ." (Stats. 1965, ch. 1110, p. 2755); whereas subdivision (a) of the *1969* amendment of section 13443 provided in part that "No later than March 15 and before *an employee* is given notice by the governing board that his services will not be required for the ensuing year . . . ." (Italics added.) Petitioner argues that the change in language from "a probationary employee" to "an employee" indicated a legislative intent to bring within section 13443 those employees whose permanent classification had ceased by age under section 13325. Petitioner relies on the rule that "It is ordinarily to be presumed that the Legislature by deleting an express provision of a statute intended a substantial change in the law" (*People* v. *Valentine* (1946) 28 Cal.2d 121, 142 [169 P.2d 1]; see also *Subsequent Injuries Fund* v. *Industrial Acc. Com.* (1963) 59 Cal.2d 842, 844 [31 Cal.Rptr. 477, 382 P.2d 597]).

Petitioner's argument overlooks the fact that the 1969 amendment of section 13443 did not result in the "deletion" which petitioner suggests.

---

[3]See also, Education Code section 13277, in which the Legislature declares that "it is contrary to the interest of this State and of the people thereof for any governing board or any person or persons charged by the governing board of any school district with the responsibility of interviewing and recommending persons for employment in positions requiring certification qualifications to fail or refuse to do so for reason of the age or marital status of any applicant for such employment, *except as otherwise provided in this code*." (Italics added.)

A relettering of the subdivisions of section 13443 in 1969 simply caused subdivison (b) of the 1965 statute to become subdivision (a) of the 1969 amendment, and subdivision (a) of the 1965 statute—insofar as it required notice by May 15th to a "probationary" employee—to become subdivision (e) of section 13443 in 1969. Thus the 1969 amendment, by rearranging the subdivisions of section 13443, merely clarified the chronology of its procedures.

It is true a superficial ambiguity resulted from the fact that the 1965 and 1969 versions of section 13443 contained some subdivisions which referred to "a probationary employee" and others which referred to "an emp" ,yte" or "the employee." Basic rules of statutory construction, however, require that the section be construed as a whole. The differently worded subdivisions are without meaning if viewed independently; and, indeed, the references made by subdivisions (h) and (i) to other subdivisions— both in 1965 and 1969—necessarily resulted in integrating the various descriptions of "employee."

The history of section 13325 provides a further indication that the Legislature did not intend that section 13443 would be available to employees such as petitioner. In 1968, in *Thornton* v. *Board of Trustees, supra,* 262 Cal.App.2d 761, the court held that *probationary* employees who had reached age 65 could not be denied reemployment without section 13443 proceedings. The court emphasized that a major reason for its holding was the fact that section 13325 (as it was then worded) was expressly confined to *permanent* employees. ■ A year later, in 1969, the Legislature amended section 13325 to bring probationary employees within its scope. (See fn. 1, *supra.*) The logical inference is that such legislative action was prompted by the *Thornton* holding, and that, by amending section 13325, the Legislature intended that *all* employees who had attained 65 would be excluded from the application of section 13443.

In *Taylor* v. *Board of Education* (1939) 31 Cal.App.2d 734 [89 P.2d 148], the court upheld the constitutionality of a statutory predecessor of section 13325[4] in the face of a petitioning teacher's contention that "to terminate his tenure on the ground of age alone *without a hearing* as to his evident fitness is to act arbitrarily and 'to vitiate and destroy every semblance of protection intended to be afforded by the spirit of' the teachers' tenure laws" (31 Cal.App.2d at p. 739). (Italics added.)

Moreover, in *Phelps* v. *Prussia* (1943) 60 Cal.App.2d 732, at pages

---

[4]Former School Code section 5.505, as added by Statutes 1935, chapter 690, section 10, pages 1881-1882.

739-740 [141 P.2d 440], the court emphasized that the statute upheld in *Taylor* " 'was a part of a general statewide plan of the Legislature for retirement and pensioning of certificated school employees. It declared a general legislative policy. It terminated the power of all school boards and bodies . . . to continue the employment of such employees after the close of the school year in which they attain the age of sixty-five years, except, at their discretion from year to year. With that exception, it *required* the retirement of such employees. . . .' " (Italics added.)

■ We conclude that the trial court did not abuse its discretion in denying petitioner's application for mandamus. The order is affirmed.

Richardson, P. J., and Janes, J., concurred.