[Civ. No. 56926. Second Dist., Div. One. July 22, 1980.]

COMPTON COLLEGE FEDERATION OF TEACHERS,
AFT LOCAL NO. 3486, AFL-CIO et al.,
Plaintiffs and Appellants, v.
COMPTON COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Respondents.

438

Counsel

Levy & Goldman and Lawrence Rosenzweig for Plaintiffs and Appellants.

Jones & Matson, Urrea C. Jones, Jr., and Stephen K. Matson for Defendants and Respondents.

Opinion

HANSON (Thaxton), J.—Compton College Federation of Teachers, AFT Local No. 3486, AFL-CIO (hereafter referred to as CFT) and seven certified employees appeal from an order of the court denying their petition for mandamus to compel the Compton Community College District (hereinafter referred to as the District) and Board of Trustees of the Compton Community College District (hereinafter referred to as the Board) to reinstate them as teachers for the 1978-1979 school year.

FACTS

The District on March 14, 1978, notified the seven individual appellants who are certificated employees that their services would not be required for the 1978-1979 school year and that they would be laid off pursuant to Education Code sections 87740 and 87743[1] because of a decline in average daily attendance in all schools in the District in the 1977-1978 school year below that in the 1975-1976 school year. Pursuant to request appellants obtained a hearing at which respondents presented evidence of a 15.8 percent decline in average daily attendance in all schools in the District for the first six months in which school was in session (comparing July 1 to December 31, 1977, and July 1 to December 1, 1975) and that on March 27 and 29, 1978, a lottery was conducted to determine the order of employment for those certificated employees who first rendered paid service on the same date. The hearing officer included a proposed decision recommendin that appellants not be dismissed because the evidence did not reflect the correct computation period. She also found that although the lottery was not timely under section 87414 the Board was empowered to correct the error under section 87415 hence appellants were not thereby prejudiced.

[1]All statutory references hereinafter are to the Education Code unless otherwise specified.

The Board rejected the proposed decision (§ 87740 and Gov. Code, § 11517, subd. (c)) and afforded the parties the opportunity to present additional evidence and argument at a hearing before the Board. The evidence presented by the District reflected a 16.7 percent decline in average daily attendance for the period September through February of the 1977-1978 school year as contrasted with the same period for the 1975-1976 school year. The Board also considered evidence relating to the welfare of the schools and the students thereof in this matter. The Board on May 12, 1978, affirmed the notice of termination of employment of 12 employees given by the District. Appellants on December 8, 1978, petitioned the court by mandamus to review and set aside the Board's determination.

The trial court upon hearing on the petition concluded that the Board under sections 87743 and 87740 had the authority to reject the proposed decision of the hearing officer and decide the case itself pursuant to the administrative procedures set (Gov. Code, § 11500 et seq.); that the Board also had authority to take additional evidence (Gov. Code, § 11517, subd. (c)); that although September to February is preferable, when as in this case school is in session in July and August the District may utilize July through December as the computation period for average daily attendance under section 87743; that the termination of the 12 certificated employees would be permissible under either 6-month computation period; that section 87414 is directory rather than mandatory and that appellants were not prejudiced because the District failed to determine their order of employment within 30 days of the date service was first ordered. The court thereupon affirmed the Board's determination and CFT and the teachers have appealed.

ISSUES

Appellants contend the Board was not entitled to hear and consider additional evidence in determining the case itself, that section 87743 requires that the District present statistics which show a decline in average daily attendance based upon the period September through February rather than July through December and that the Board is not entitled to cure the defect caused by the District's failure to comply with section 87414 which renders the lay-off of appellant teachers invalid.

## DISCUSSION

█ Contrary to appellants' contention, the Board was entitled to reject the proposed decision of the hearing officer and conduct a hearing at which additional evidence was introduced under the terms of the Administrative Procedures Act (Gov. Code, § 11517, subd. (c), hereinafter referred to as the Act) which regulates the procedure for such hearings.

Section 87743 permits the governing board of a school district to decrease the number of tenured teachers at the end of a school year in a number proportionate to the decline in average daily attendance of pupils in all of the schools in the district which is shown to have occurred for the first six months in which school is in session as compared to the corresponding period in either of the previous two school years.[2] In the event an employee upon receiving notice challenges his termination he has a right to a hearing pursuant to section 87740 which with a few exceptions not here applicable adverts to the procedures set forth in the Act providing that the Board shall have all the power granted to an agency therein. Among other things section 87740 provides that a hearing officer shall conduct the hearing and prepare a proposed decision with fact findings, a determination whether the charges sustained by the evidence are related to the welfare of the schools and the students thereof, and a recommendation as to disposition. However, the Board is authorized to make the final determination and is not bound by the proposed decision prepared by the hearing officer.

---

[2]Section 87743 provides in pertinent part: "Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of regular employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, regular as well as contract, at the close of the school year; provided, that the services of no regular employee may be terminated under the provisions of this section while any contract employee, or any other employee with less seniority, is retained to render a service which said regular employee is certificated and competent to render. [¶] Notice of such termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 87740 and services of such employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 87413 and 87414. In the event that a regular or contract employee is not given the notices and a right to a hearing as provided for in Section 87740, he shall be deemed reemployed for the ensuing school year."

█

The requirements of section 87740 and the provisions of the Act must be construed in harmony (*Greer* v. *Board of Education* (1975) 47 Cal. App.3d 98, 110 [121 Cal.Rptr. 542]). The Board must make the final determination (§ 87740) and the alternatives when a hearing officer conducts the hearing are for the Board to either adopt the proposed decision with or without reducing the penalty or reject the proposed decision and decide the case itself (Gov. Code, § 11517, subds. (b) & (c); *McGlone* v. *Mt. Diablo Unified Sch. Dist.* (1969) 3 Cal. App.3d 17 [82 Cal.Rptr. 225]). Government Code section 11517, subdivision (c) in part expressly provides that "If the proposed decision is not adopted as provided in subdivision (b), the agency itself may decide the case upon the record, including the transcript, *with or without taking additional evidence*, or may refer the case to the same hearing officer to take additional evidence." Unless the statutory provisions of the Education Code conflict with those of the Act we are required to apply these provisions concurrently and in harmony (cf. *Rutherford* v. *Board of Trustees* (1974) 37 Cal.App.3d 775 [112 Cal.Rptr. 560]). Since there appears to be no inconsistency Government Code section 11517, subdivision (c) is applicable in termination and lay-off proceedings (*Greer* v. *Board of Education, supra*, 47 Cal.App.3d 98; *McGlone* v. *Mt. Diablo Unified Sch. Dist., supra*, 3 Cal.App.3d 17). Therefore, pursuant to statutory authority the Board was empowered to reject the proposed decision of the hearing officer as it did in this proceeding and consider additional evidence and argument in deciding the case itself.

■ The fact that evidence as to statistics for a different time period was introduced before the Board does not appear to be relevant or to constitute any material departure from protocol in the case at bench. Assuming that the District improperly relied upon and introduced at the original hearing evidence of a decline in daily average attendance for the period July through December, the decline was shown to be 15.8 percent. The additional evidence accepted by the Board disclosed a 16.7 percent decline comparing September through February periods for the same respective school years. The trial court found that school was in fact in session in each month of the corresponding July through December periods in each of the years in question since the District regularly maintains summer school. Under those circumstances the court found that although the September through February computation period is preferred, where summer school is regularly conducted the alternative of July through December period is permissible. In any event the Board's decision authorizing termination of 12 certificated employees is statutorily justified under either computation.

■ Finally, the dismissal of these appellants is not rendered invalid by virtue of the Board's failure to comply with the time limitations in section 87414. That section requires that "any determination of an employee's order of employment pursuant to this section shall be made within 30 days of the date service was first rendered by the employee." It is conceded that the drawings held by the District to establish the order of seniority of the individual appellants who first rendered paid service on the same date were not conducted within that time period. The Board is nonetheless empowered by section 87415 to remedy such errors in order to maintain such permanent records as are required by section 87414 including order of employment. Reading these sections together it appears as determined by the trial court the 30-day time period in section 87414 was necessarily intended to be directory rather than mandatory. (See *DeWitt* v. *Board of Supervisors* (1960) 53 Cal.2d 419 [2 Cal.Rptr. 1, 348 P.2d 567].) Noncompliance with a directory provision does not result in invalidity of the proceeding or action taken (*Adler* v. *City Council* (1960) 184 Cal.App.2d 763 [7 Cal.Rptr. 805]). There is no allegation or evidence of prejudice to appellants in this respect and as a result the trial court found that the individual appellants suffered no prejudice.

### DISPOSITION

The order denying writ of mandate is affirmed.

Jefferson (Bernard), Acting P. J.,* and Newman (J. M.), J.,† concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.