[Civ. No. 25464. First Dist., Div. Two. Sept. 23, 1969.]

JAMES C. WARD et al., Plaintiffs and Appellants, v. FREMONT UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

Levy, DeRoy, Geffner & Van Bourg, Victor J. Van Bourg and Stewart Weinberg for Plaintiffs and Appellants.

Richard J. Moore, County Counsel, and .William R. Johnston, Deputy County Counsel, for Defendants and · Respondents.

TAYLOR, J.—Plaintiffs, James C. Ward (hereafter Ward) and Local 1494 of the Fremont Federation of Teachers (hereafter union), appeal from a judgment entered on September 25, 1967, denying their petition for a writ of mandate to reinstate Ward as a junior high school teacher for defendant,[1] Fremont Unified School District (hereafter district), with the classification of a permanent employee. The case is one of first impression under the 1965 version of the notice provisions of section 13443 of the Education Code.[2]

The facts are not in dispute. Ward, who was serving his third year[3] as a probationary junior high school teacher for the district, was notified on March 10, 1967, that he would not be recommended for reemployment for the following school year (September 1967-June 1968). He was a member of the union, an unincorporated voluntary association of classroom teachers, organized pursuant to Education Code · sections 13080-13088.[4] Since Ward was a probationary teacher, he was governed by section 13443 of the Education Code. The statute,

---

[1] The other defendants are the members of the governing board of the district, and the superintendent.

[2] *Thornton* v. *Board of Trustees,* 262 Cal.App.2d 761 [68 Cal.Rptr. 842], construed subdivision (e).

[3] Pursuant to Education Code section 856, on reelection after three consecutive years, a teacher becomes a permanent or ''tenured'' employee of the district.

[4] To promote the improvement of personnel management and employer-employee relations within the public school systems of the state, these sections set forth a uniform basis for recognizing the right of public school employees to join organizations of their choice and be represented by such organizations in their professional and employment relationships (see *Berkeley Teachers Assn.* v. *Board of Education,* 254 Cal.App.2d 660 [62 Cal.Rptr. 515]).

here applicable, is the 1965 version, which provides: "§ 13443. Cause, notice and right to hearing required for dismissal of probationary employee.

"(a) On or before the 15th day of May in any year, the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year, provided that in no case shall such notice be given until after the requirements of this section have been met.

"(b) No later than March 15 and before an employee is given notice that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, and stating the reasons therefor.

"(c) The employee may request a hearing before the governing board to determine if there is cause for not re-employing him for the ensuing year. A request for a hearing must be in writing and must be delivered to the person who sent the notice pursuant to subdivision (b), on or before a date specified therein, which shall not be less than seven days after the date on which the notice is served upon the employee. If an employee fails to request a hearing on or before the date specified, his failure to do so shall constitute his waiver of his right to a hearing. The notice provided for in subdivision (b) shall advise the employee of the provisions of this subdivision.

"(d) In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code and the governing board shall have all the power granted to an agency in the said Chapter 5, except that the respondent shall file his notice of defense, if any, within five days after service upon him of the accusation and he shall be notified of such five-day period for filing in the accusation. The hearing shall be commenced on or before April 15, and in the event the hearing is conducted by a hearing officer alone, he shall prepare the proposed decision and submit it to the governing board on or before May 1 of the year in which the proceeding is commenced. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds. The board may adopt from time to

time such rules and procedures not inconsistent with provisions of this section, as may be necessary to effectuate this section.

"(e) The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The decision made after the hearing shall be effective on May 15 of the year in which the proceeding is commenced.

"(f) If a governing board notifies a probationary employee that his services will not be required for the ensuing year, the board shall, within 10 days after delivery to it of the employee's written request, provide him with a statement of its reasons for not reemploying him for the ensuing school year.

"(g) Any notice or request shall be deemed sufficient when it is delivered in person to the person or persons to whom it is directed, or when it is deposited in the United States registered mail, postage prepaid and addressed to the last known address of the addressee or addressees.

"(h) In the event that the governing board does not give notice provided for in subdivision (a) of this section on or before May 15, the employee shall be deemed reemployed for the ensuing school year.

"(i) If after request for hearing pursuant to subdivision (c) any continuance is granted pursuant to Government Code section 11524, the dates prescribed in subdivisions (a), (d), (e) and (h) which occur on or after the date of granting the continuance shall be extended for a period of time equal to such continuance."

Pursuant to subdivision (b) of the statute, on March 10, 1967, the superintendent of the district (hereafter superintendent) gave notice to Ward and the governing board that Ward's services would not be required for the ensuing school year. Ward and the union filed a timely request for a hearing, pursuant to subdivision (c). As required by subdivision (d), the hearing was held before a hearing officer of the office of administrative procedure, pursuant to Government Code sections 11500-11524. Both oral and documentary evidence concerning the charges against Ward were received. Ward was represented by counsel. On April 20, 1967, the hearing officer found that the charges against Ward were unsubstantiated,

did not constitute cause for dismissal under the statute, and recommended that the governing board not accept the superintendent's recommendation not to reemploy Ward. On May 15, 1967, the governing board met, heard additional evidence, and voted to disregard the hearing officer's recommendation, and to affirm the superintendent's decision to discharge Ward. Ward was so notified in writing pursuant to subdivision (a) of the statute on the same date. Thereafter, Ward filed his first petition for a writ of mandate (No. 369936), alleging that at the May 15 board meeting, where additional evidence was adduced, he was denied privileges granted by Education Code section 13443 and Government Code section 11513,[5] including the right to cross-examine opposing witnesses under oath. On July 12, 1967, the court found the petition to be true, and directed that, therefore, the action taken by the board at its May 15 meeting be reversed. The court expressly made no findings concerning the merits of the matter, and directed the governing board to set aside its decision and order of May 15, and "to take any such further action as it may choose to pursue in the premises *only in accordance with the procedure required and specified for such proceedings by the Education and Government Codes . . .*" (Italics added.)

On July 26, 1967, the governing board rescinded its action of May 15 and further determined not to adopt the hearing officer's decision and called for written argument to be presented at its next regularly scheduled meeting on August 9, 1967. No written argument was received prior to that date.[6] On August 9, 1967, the governing board met and decided not to rehire Ward based on the transcript of the administrative hearing held on April 14, 1967, before the hearing officer.

---

[5]As noted above, subdivision (d) of Education Code section 13443 provides that the hearing shall be conducted and a decision made in accordance with chapter 5 of the Government Code commencing with section 11500. Government Code section 11513 provides, so far as pertinent:

"(a) Oral evidence shall be taken only on oath or affirmation.

"(b) Each party shall have these rights: to call and examine witnesses; to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination; to impeach any witness regardless of which party first called him to testify; and to rebut the evidence against him. If respondent does not testify in his own behalf he may be called and examined as if under cross-examination."

[6]The record indicates that at the August 9 hearing, the governing board had a written communication from Ward's counsel.

On August 22, 1967, Ward and the union filed their petition for a writ of mandate in the instant proceeding alleging that: 1) the decision of August 9 was based, in whole or in part, on the evidence heard on May 15, which as determined in the prior writ proceeding, had deprived him of due process; 2) the decision and findings of August 9 were not supported by the evidence and constituted an abuse of discretion; 3) since the governing board had not acted prior to May 15, Ward had been automatically rehired for another year and the governing board had no jurisdiction to act at a later date; and 4) Ward was discharged in violation of his right to belong to a labor organization.

After a hearing in this matter and examination of the record of the administrative proceedings of April 14, the trial court found the facts substantially as stated above. The court further found that charges against Ward of: 1) failure to maintain proper classroom discipline; 2) lack of emotional stability; 3) failure to follow the reasonable rules and regulations of the governing board; and 4) failure to follow suggestions and directions of superiors, had been proven and were supported by substantial evidence. The court concluded that in the administrative proceedings, all of the defendants did not proceed without or in excess of their jurisdiction, granted Ward a fair trial, and proceeded in the manner provided by law. Accordingly, the court entered its judgment in favor of defendants, and this appeal ensued.

Plaintiffs' contentions on this appeal are that: 1) the reversal of the governing board's May 15 decision not to rehire Ward pursuant to the prior writ invalidated the entire proceedings, including the notices given on March 10 and May 15; 2) valid notice within the time limits specified by Education Code section 13443 is a jurisdictional prerequisite for a proceeding under the statute; 3) as no valid notice was given by May 15, 1967, Ward was automatically reemployed for the ensuing school year pursuant to subdivision (h) of the statute; 4) therefore, the governing board's decision of August 9, 1967, not to rehire Ward was ineffective and in excess of jurisdiction; and 5) in any event, the governing board's decision not to rehire Ward on the basis of the transcript of the April 14 proceedings was not based on substantial evidence.

A similar question was raised in *Horner* v. *Board of Trustees*, 61 Cal.2d 79 [37 Cal.Rptr. 185, 389 P.2d 713], wherein the Supreme Court construed the statutory precedents of the statute we must now construe for the first time.

*Horner,* although decided in 1964, is useful and instructive here, as many of the present provisions of Education Code section 13443, as enacted in 1965, are a legislative response to the *Horner* case. Prior to *Horner,* the cases had uniformly held that the date set for the giving of the written notice to a probationary teacher that his services would not be required for the next school year, was mandatory, and that the failure to give such notice resulted in the automatic renewal of the teacher's contract *(Struthers* v. *Board of Trustees,* 176 Cal. App.2d 396 [1 Cal.Rptr. 442]; *Reed* v. *Board of Education,* 125 Cal.App. 714 [14 P.2d 330]; *Blalock* v. *Ridgeway,* 92 Cal. App. 132 [267 P. 713]). In *Horner,* the Supreme Court was asked to decide whether, notwithstanding the timely notice given to Mrs. Horner, her employment as a probationary teacher was automatically continued by the board's failure to provide a hearing before May 15 under the then existing statutory scheme.[7]

[7]The pertinent provisions then read as follows: ''§ 13442. Governing boards of school districts shall dismiss probationary employees during the school year for cause only, as in the case of permanent employees.

''§ 13443. (a) On or before the 15th day of May in any year the governing board may give notice in writing to a probationary employee that his services will not be required for the ensuing year.

''The notice shall be deemed sufficient and complete when delivered in person to the employee by the clerk or secretary of the governing board of the school district or deposited in the United States registered mail with postage prepaid, addressed to the employee at his last known place of address.

'' (b) Upon the request of such employee, the governing board shall give such employee a written statement of the reasons for the dismissal. The determination of the board as to the sufficiency of the reasons for dismissal shall be conclusive but the cause shall relate solely to the welfare of the schools and the pupils thereof. No right of judicial review shall exist for such employee on the question of the sufficiency of the reasons for dismissal.''

''§ 13444. The governing board of any school district shall dismiss probationary employees for cause only. The determination of the board as to the sufficiency of the cause for dismissal shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof. The determination of the board as to the sufficiency of the cause for dismissal shall not be subject to judicial review. The causes for dismissal shall not be restricted to those specified in section 13403.

''No employee shall be denied the right to a hearing to determine the cause for his dismissal and in case a hearing is requested by the employee the proceeding shall be conducted in accordance with chapter 5 of part 1 of division 3 of title 2 of the Government Code and the governing board shall have all the power granted to an agency in said chapter 5, except that the respondent shall file his notice of defense, if any, within five days after service upon him of accusation and he shall be notified of such five-day period for filing in the accusation, and excepting further, that in districts with an average daily attendance of less than 85,000 the governing board of the district itself may conduct the hearing without

The court said at page 86: "Neither the Education Code nor the chapter of the Administrative Procedure Act relating to administrative adjudication (Gov. Code, §§ 11500-11529) contains a provision determining at what time a hearing like the one here involved must be held or concluded. The only date mentioned in sections 13442-13444 of the Education Code is the provision of section 13443 that notice of a decision not to reèmploy must be given on or before May 15, and that date cannot be the time limit within which the hearing must be held because the codes provide for many time-consuming steps between the giving of the notice and the hearing. Thus, the teacher may ask for a written statement of the reasons for the dismissal (Ed. Code, § 13443), after receiving the statement he may ask for a hearing (Ed. Code, § 13444), an accusation must be filed (Gov. Code, § 11503), within five days thereafter the teacher may file his notice of defense (Ed. Code, § 13444), in the larger districts the board must and in other districts the board may obtain a hearing officer to preside over the hearing (Gov. Code, § 11517; Ed. Code, § 13444), and the teacher must be given notice of the hearing at least 10 days in advance (Gov. Code, § 11509).

"Where the statutes do not fix a time limit within which a hearing must be held, the only time restriction is that the hearing must be held within a reasonable time, and the governing board will not lose jurisdiction to hold a hearing unless there has been an unreasonable delay. (*Steen* v. *City of Los Angeles,* 31 Cal.2d 542, 545-547 [190 P.2d 937]; *Pearson* v. *County of Los Angeles,* 49 Cal.2d 523, 539-540 [319 P.2d 624].) We cannot say that there has been an unreasonable delay in the present case. It appears that the delay was partly caused by the board's belief in good faith that petitioner was not entitled to a hearing and partly by the fact that petitioner reiterated her requests for a hearing before instituting court

its being presided over by a hearing officer as otherwise required by chapter 5. No employee in districts with an average daily attendance of less than 85,000 shall be denied the right to receive written notice stating the causes for dismissal and such written notice shall not deprive any employee so dismissed of the further right to a hearing as described in this section. All expenses of the hearing, including the cost of the hearing officer, shall be paid by the governing board from the district funds.

"The board may adopt from time to time such rules and procedures not inconsistent with provisions of this section, as may be necesssary to effectuate this section."

These statutes include the 1961 amendments as the Supreme Court held in *Sitzman* v. *City Board of Education,* 61 Cal.2d 88 [37 Cal.Rptr. 191, 389 P.2d 719], that the amendments which became effective during the 1961-1962 school year applied to *Horner* and its related cases.

proceedings. At the time petitioner asked for a hearing there existed, as we have seen, a difference of opinion as to whether she was legally entitled to it, and there was then no authoritative decision on the point.''

The court then concluded that the circumstance that no final decision concerning Mrs. Horner's dismissal was made before the start of the new school year, did not cause her to obtain tenure, and continued at page 87: ''As we have seen, under section 13304 of the Education Code a probationary teacher obtains tenure when he has been employed for three consecutive school years and is then *reelected* for the next succeeding year. Although the reelection may take place without affirmative action by the board when the teacher is not properly notified that he will not be rehired for the next year (*Abraham* v. *Sims,* 2 Cal.2d 698, 710-711 [34 P.2d 790, 42 P.2d 1029]), there is no tacit reelection where, as here, the board has timely notified the teacher of the intended termination of the employment. It should also be noted that sections 13443 and 13444 use the term 'dismissal' in referring to the notice of a probationary teacher of a decision not to reemploy him and that they thus indicate that the notice constitutes a dismissal. Another indication that the notice is considered a dismissal is found in the provision of section 13444 that a written notice stating the causes for dismissal shall not deprive 'any employee so dismissed' of the further right to a hearing. The dismissal, because of the provision for a hearing in section 13444, is subject to the condition subsequent that it will become ineffective if the board at the hearing decides that the termination of the employment was improper. Here no hearing has as yet been held, the condition subsequent has not occurred, and the dismissal by the notice given petitioner prior to May 15 is still effective.''

■ The first question before us is whether, given the totally rewritten 1965 version of the statute before us and the facts of this case, we can reach, as defendants urge, the identical result reached in *Horner, supra.*

In apparent response to the criticism of the *Horner* case that no date was provided for holding the hearings, and that the only date mentioned was May 15, the 1965 amendments enacted a complete and revised statutory scheme for the dismissal of probationary teachers, whose most salient feature is that each phase of the dismissal proceeding must be completed by a specified date instead of within a reasonable time. Thus, under the present scheme, the first notice received by a

teacher is notice of intent which must be given no later than March 15 [subdivision (b)]. Thereafter, ample time is provided for the notice of defense, the filing of the accusation and the request for a hearing [subdivision (c)]. The hearing shall be commenced on or before April 15, and the hearing officer must submit his decision on or before May 1 [subdivision (d)]. The statute specifically provides that the decision made by the governing board after the hearing shall be effective on May 15 [subdivision (c)] in order to coordinate with the May 15 notice date provided in subdivision (a). Among the most significant changes in the statute is the additional proviso of subdivision (a) ". . . that in no case shall such notice be given until after the requirements of this section have been met,"[8] and the addition of subdivision (h) which provides: "In the event that the governing board does not give notice provided for in subdivision (a) of this section on or before May 15, the employee shall be deemed reemployed for the ensuing school year." The rule in California and the majority of United States jurisdictions is that when a consequence is enunciated for failing to comply with an act on a given date, that date is deemed to be jurisdictionally mandatory, not directory (*Thomas* v. *Driscoll*, 42 Cal.App.2d 23, 27 [108 P.2d 43] ; *Shaw* v. *Randall*, 15 Cal. 384).

In view of the above and the clear language of the statute as amended in 1965, we cannot accept defendants' contention that the jurisdictional time limit is merely directory. We conclude that the May 15, 1967 notice constituted a jurisdictional deadline after which defendants could not act to terminate Ward's services.

 We turn next to the contention that the deadline was met by the notice given under the facts of this case. As indicated above, after timely and proper notice was given, the proceeding initiated thereby was set aside by the prior writ of mandate, for lack of due process and failure to conform to the statutes. Thus, the notice sent to Ward on May 15, 1967, was not sent after full compliance with the procedures of section 13443, which include (by the incorporation of the specified Government Code provisions in subdivision (d)), the opportunity to cross-examine witnesses. Nor can it be argued that the actual notice provided to Ward by the May 15, 1967 notice is sufficient to meet the statutory requirements. *Darby* v. *Biggs School Dist.*, 15 Cal.App.2d 218 [59 P.2d 167], is

---

[8]The portion of subdivision (a) preceding the proviso is identical to the first paragraph of subdivision (a) in the 1961 version.

directly to the contrary. Significantly, although ordered to take further action only in accordance with the procedures specified by the statutes, the governing board at its July 26, 1967 meeting informally determined that Ward would not be rehired. Here, the prior mandate proceeding established Ward's right to reemployment as a matter of law. His status thus established, it is presumed to continue, and under the statute, Ward could not be dismissed except for cause and in the specific manner directed by the statute (cf. *Caminetti* v. *Board of Trustees*, 1 Cal.2d 354, 356 [34 P.2d 1021]). A similar question was presented in *Comstock* v. *Board of Trustees*, 35 Cal.App.2d 466 [95 P.2d 969], wherein the trial court in an earlier proceeding held that an attempted summary dismissal for cause during the preceding school year was ineffective, because the proper procedure had not been followed. In the subsequent proceeding, the appellate court rejected the school board's argument that it had given notice prior to May 15, by having given notice of their intention in the ineffective proceeding. Similarly here, the notice sent pursuant to the invalid proceedings of May 15, 1967, could not constitute a valid notice for the action taken on August 9, 1967.

As the judgment must be reversed for the board's failure to give notice by May 15, as required by the statute, it is not necessary to discuss the remaining contentions on appeal.

The judgment appealed from is reversed.

Shoemaker, P. J., and Agee, J., concurred.

On October 23, 1969, the opinion was modified to read as printed above.