[Civ. No. 32087. First Dist., Div. One. Feb. 20, 1974.]

LAWRENCE STEWART, Plaintiff and Respondent, v.
SAN MATEO JUNIOR COLLEGE DISTRICT et al.,
Defendants and Appellants.

**COUNSEL**

Keith C. Sorenson, District Attorney, and James M. Parmelee, Deputy District Attorney, for Defendants and Appellants.

Levy & Van Bourg, Victor J. Van Bourg and Stewart Weinberg for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Lawrence Stewart was a probationary teacher employed by the San Mateo Junior College District. As permitted by Education Code section 13443 he was, on or before March 15, 1971, given notice that he would not be employed by the district for the ensuing school year. Stewart timely requested a hearing as provided by section 13443, subdivision (b). Thereafter a hearing was held and proceedings taken by the district which culminated in the district's final determination and notice to Stewart, *June 23, 1971,* that he would not be reemployed.

Education Code section 13443, subdivision (d), provides that the district's *final decision not to reemploy the teacher after his request for a hearing,* "shall be effective on May 15 of the year the proceeding is commenced." The section then provides:

"(e) Notice to the probationary employee by the governing board [here the district] that his service will not be required for the ensuing year, *shall be given no later than May 15.*" (Italics added.)

"(h) In the event the governing board does not give notice provided for in subdivision (e) of this section *on or before May 15,* the employee shall be deemed reemployed for the ensuing school year." (Italics added.)

■ The superior court, on Stewart's petition for a writ of mandate, ordered and adjudged his dismissal to have been invalid. Stewart had contended, and the trial court concluded, "That the May 15 notice requirement as more particularly set forth in subparagraphs (e) and (h) of section 13443 of the Education Code is jurisdictionally mandatory and not directory . . . ."

The district's appeal is from the order and judgment of the superior court granting a peremptory writ of mandate.

The trial court's conclusion is supported by *Ward* v. *Fremont Unified Sch. Dist.* (1969) 276 Cal.App.2d 313 [80 Cal.Rptr. 815]. Although section 13443 was then cast in somewhat different language (we are concerned with the later amendment of 1970), it also provided in substance that the teacher sought to be dismissed be so advised "no later than March 15," after which he could request and obtain a hearing. The statute allowed two months for the hearing and related proceedings, and then provided: "(h) In the event the governing board does not give notice [the final notice of dismissal] provided for in subdivision (a) of this section *on or before May 15,* the employee shall be deemed reemployed for the ensuing school year." (Italics added.) The court (p. 322) concluded that the statute fixed a "jurisdictional deadline" of May 15 after which the district "could not act to terminate Ward's services." *Ward* v. *Fremont Unified Sch. Dist.* was approved and followed in *Shaughnessy* v. *Wilsona School Dist.,* 29 Cal.App.3d 742, 750 [105 Cal.Rptr. 707].

We accept the reasoning and authority of *Ward* v. *Fremont Unified Sch. Dist.* as applicable to the issue before us.

We have considered the district's contention that the language of the section's subdivision (c) "In the event a hearing is requested by the employee, the proceeding shall be conducted and a decision made in accordance with [the Government Code's chapter relating to administrative hearings, sections 11500-11529, inclusive]" must prevail over that of its subdivisions (e) and (h). But in accordance with established law the specific provisions of subdivisions (e) and (h) must prevail over the more

general procedures of the Government Code. (*In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593]; *Mitchell* v. *County Sanitation Dist.,* 164 Cal.App. 2d 133, 141 [330 P.2d 411].)

Further, there can be little doubt that the Legislature's intent was that May 15 be a deadline for finally notifying the teacher of his dismissal. An obvious purpose of the statute is to allow a teacher, whose employment will be ended with the school year's termination, timely final notice of that fact in order that he may seek other employment in his profession during the coming school year. Any delayed notice would seriously and unfairly curtail his opportunities to compete for employment elsewhere.

We have also considered the dicta of *Feist* v. *Rowe,* 3 Cal.App.3d 404, 410 [83 Cal.Rptr. 465], where commenting on *Ward* v. *Fremont Unified Sch. Dist.* (276 Cal.App.2d 313), the court stated: "The application of the rule laid down in that case is to place local school boards, alone of public employers, at the peril of being perfect in the procedural handling of dismissal hearings of probationary teachers, regardless of the soundness of the reasons for dismissal." But we believe that any readjustment of the period allowed for the necessary administrative procedures should be made by the Legislature, not by the courts.

Our holding, and that of *Ward* v. *Fremont Unified Sch. Dist.,* leads to no absurd consequence, as suggested. The statute under consideration, allowing but two months for all proceedings after request for a hearing seems a reasonable attempt to accommodate legislative concern for the teachers' welfare with the time-taking requirements of administrative procedures. And we observe that the statute permits the district to commence proceedings for a teacher's dismissal *before* March 15, thus allowing more time for administrative action.

It may be that the district, as contended, acted with reasonable diligence throughout the procedures following Stewart's request for a hearing. But no citation of authority is necessary in pointing out that reasonable diligence does not serve to extend a "jurisdictional deadline" fixed by statute.

For the reasons stated, the "order and judgment" entered November 8, 1971, is affirmed.

Molinari, P. J., and Sims, J., concurred.