[Civ. No. 2501. Fifth Dist. Sept. 20, 1976.]

ANDREW GRZESKOWIAK et al., Plaintiffs and Appellants, v. BOARD OF TRUSTEES OF THE LAMONT SCHOOL DISTRICT, Defendant and Respondent.

132

## COUNSEL

Chain, Younger, Jameson, Lemucchi, Busacca & Williams, Chain, Younger, Jameson, Lemucchi & Busacca and Paul Busacca for Plaintiffs and Appellants.

Ralph B. Jordan, County Counsel, Ronald L. Shumaker and Donald H. Rubin, Deputy County Counsel, for Defendant and Respondent.

## OPINION

BROWN (G. A.), P. J.—Appellants, Andrew Grzeskowiak, Karen Dull, Roy De La Rosa and Linda Malmgren, were probationary certified teachers employed by the respondent, Board of Trustees of the Lamont School District (hereinafter "District"). They appeal from a judgment denying a peremptory writ of prohibition by which they sought to prevent the District from proceeding to hold a hearing to determine whether they should be reemployed for the school year 1974-1975.

Essentially the basis of their position is that the District, having failed to give the written notice of nonreemployment by May 15, 1974, as required by Education Code[1] section 13443, subdivisions (e) and (h),[2] was deprived of authority to proceed with hearings after that date.

The parties are in substantial agreement on the facts. It appears that on March 14, 1974, in compliance with section 13443, subdivision (a),[3] appellants received written notice that their services would not be required for the school year 1974-1975. The reasons stated were reduction in average daily attendance (§ 13447) and cancellation of a federally funded program.

Appellants requested a hearing pursuant to section 13443, subdivisions (b) and (c).

---

[1]All references hereinafter will be to the Education Code unless otherwise indicated.

[2]Subdivisions (e) and (h) of section 13443 provide:

"(e) Notice to the probationary employee by the governing board that his service will not be required for the ensuing year, shall be given no later than May 15.

". . . . . . . . . . . . . . . . .

"(h) In the event that the governing board does not give notice provided for in subdivision (e) of this section on or before May 15, the employee shall be deemed reemployed for the ensuing school year."

[3]Subdivision (a) of section 13443 provides in part:

"(a) No later than March 15 and before an employee is given notice by the governing board that his services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his designee, or in the case of a district which has no superintendent by the clerk or secretary of the governing board, that it has been recommended that such notice be given to the employee, and stating the reasons therefor."

On April 8, 1974, the District notified appellants that a hearing would be had upon the charge of nonreemployment on May 1, 1974.

On March 29, 1974, pursuant to Government Code section 11507.6, appellants made a demand for discovery on the District. The demand was honored in part and denied in part.

On April 23, 1974, pursuant to Government Code section 11507.7, appellants filed in the superior court a petition to compel discovery, pursuant to which and on April 24, 1974, the District was ordered to show cause on May 8, 1974, why discovery should not be granted. The petition also asked for and the court granted a stay of all proceedings before the hearing officer appointed to conduct the hearings until resolution of all proceedings to compel discovery.

On May 22, 1974, the court granted the petition for discovery and the District complied with the order. The stay order was thereupon terminated.

On June 7, 1974, the District noticed a further hearing, to be held on June 25, 1974.

On June 17, 1974, appellants filed the instant petition for writ of prohibition, upon which a hearing was held on July 15, 1974. The petition was denied by minute order dated July 18, 1974, and judgment was entered on August 13, 1974.

■ Section 13443 sets forth a detailed statutory scheme of procedure which is to be followed by a school district when it desires to terminate the services of a probationary employee. The purpose of the section is stated in *Stewart* v. *San Mateo Junior College Dist.* (1974) 37 Cal.App.3d 345, 348 [112 Cal.Rptr. 272]:

"Further, there can be little doubt that the Legislature's intent was that May 15 be a deadline for finally notifying the teacher of his dismissal. An obvious purpose of the statute is to allow a teacher, whose employment will be ended with the school year's termination, timely filed notice of that fact in order that he may seek other employment in his profession during the coming school year. Any delayed notice would seriously and unfairly curtail his opportunities to compete for employment elsewhere."

There can be no doubt that the time limits therein, including the May 15 deadline for finally notifying the teacher of his nonreemployment (see § 13443, subd. (e), fn. 2, *ante*), are normally mandatory. (*Rutherford v. Board of Trustees* (1974) 37 Cal.App.3d 775, 779-781 [112 Cal.Rptr. 560]; *Stewart v. San Mateo Junior College Dist., supra,* 37 Cal.App.3d at pp. 347-348.)

However, the facts in neither *Rutherford* nor *Stewart* brought into operation the provisions of subdivision (i) of section 13443[4] providing for an extension of the time limits for a period of time equal to any continuance granted pursuant to Government Code section 11524.[5] Under Government Code section 11524 a continuance may be granted "for good cause shown."

In *Stewart* no reason appears for the delay in giving the final notice of termination beyond May 15, that notice actually having been given on June 23. In *Rutherford* it appears that the hearing officer filed his proposed decision with the board on May 6, in time to have acted and given the required notice by May 15, but the board did not act thereon until June 22.

To the contrary is *Young v. Governing Board* (1974) 40 Cal.App.3d 769 [115 Cal.Rptr. 456], wherein subdivision (i) of section 13443 did come into operation. In that case the final hearing date was continued to May 12-14, 1971, for the convenience of the hearing officer with the consent of the parties. His final decision not to reemploy the teacher was made on May 26, and on June 3 the board gave the notice required by subdivision (e) of section 13443. The court held that continuance was for good cause and under subdivision (i) the time for giving the final notice was extended.

■ In the case at bench the immediate cause for the delay was appellants' action in filing the petition for discovery on April 23, 1974, and procuring a stay order of the District's hearings on April 24, 1974.

---

[4]Subdivision (i) of section 13443 provides:

"If after request for hearing pursuant to subdivision (b) any continuance is granted pursuant to Government Code Section 11524, the dates prescribed in subdivisions (c), (d), (e) and (h) which occur on or after the date of granting the continuance shall be extended for a period of time equal to such continuance."

[5]Government Code section 11524 provides:

"The agency may grant continuances. When a hearing officer of the Office of Administrative Hearings has been assigned to such hearing, no continuance may be granted except by him or by the hearing officer in charge of the appropriate regional office of the Office of Administrative Hearings, for good cause shown."

Obviously, the hearing officer could not proceed in the face of the stay order procured at the behest of appellants. We do not doubt that had appellants made the request for the continuance to the hearing officer in order to gain time to litigate the issue of further discovery before the court, any continuance granted would be within the provisions of subdivision (i). We perceive no difference in substance between asking the hearing officer directly for a continuance and procuring an order of the court which actually compels such a continuance.

It is also apparent that since the time limits in section 13443 are for the protection and benefit of the appellants, they may be waived by them. (See Civ. Code, § 3513.) After requesting the continuance, appellants cannot be heard to say that the time limit must be complied with. (See Civ. Code, § 3515; *Edward Brown & Sons* v. *City & Co. of S. F.* (1950) 36 Cal.2d 272, 279 [223 P.2d 231].) To hold otherwise would be to sanction an untoward inconsistency in their conduct, upon which the law frowns.

It is true that appellants were in a position of having either to procure a continuance of the hearing date to permit full discovery of the evidence they presumably needed to properly prepare their cases or to go to hearing without all of the evidence they might have needed. However, there is no showing in the record that the District proceeded in bad faith to delay the proceedings. On the contrary, it appears it acted with reasonable alacrity at all stages of the proceedings, and appellants' counsel conceded at oral argument that he was not accusing the District of bad faith. The burden is on the appellants to show the District was not acting in good faith in denying discovery, which led to the necessity of the petition in the superior court, and in providing this court with the record upon which they relied. The record of the discovery proceeding is not before us, and we therefore cannot conclude in the face of such a silent record and appellants' concession at oral argument that the District was not acting in good faith in litigating the issue of discovery.

The judgment is affirmed.

Gargano, J., and Thompson, J.,* concurred.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.