[No. C021302. Third Dist. Aug. 23, 1996.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
BUTTE COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES et al., Defendants and Respondents.

1294

## COUNSEL

Eisen & Johnston, Jay-Allen Eisen and Marian M. Johnston for Plaintiffs and Appellants.

Marsh, Marsh & Volpe, Harry M. Marsh and Carol J. Tener for Defendants and Respondents.

## OPINION

SIMS, J.—In this appeal from a judgment denying a petition for a writ of administrative mandamus and declaratory relief, appellant Earl McGhee contends his employment as a college instructor was improperly terminated by the Butte Community College District Board of Trustees (the Board) in violation of due process and statutory rights under Education Code sections 87740 and 87743.[1] We shall affirm the judgment.[2]

---

[1]Undesignated statutory references are to the Education Code.

[2]In the trial court, appellant's petition for a writ of mandamus also sought to require another party—the Board of Trustees of the State Teachers Retirement System—to "vacate" his retirement application, which he allegedly felt compelled to submit in order to preserve retirement benefits in the event of his termination. Since the trial court affirmed the termina-

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant worked for the Butte Community College District (the District) for 27 years, the last 12 years of which he was an instructor in the electronics program.

In March 1994, the District determined it was necessary to discontinue the electronics instruction program due to budget constraints. On March 11, 1994, District Superintendent Betty Dean gave appellant "preliminary notice," pursuant to the Education Code, that elimination of his position was being considered due to the need to reduce services. Another electronics instructor, Ed Strother, received a similar notice.[3]

Appellant (and Strother) requested an administrative hearing. On March 29, 1994, the District filed its administrative accusation to terminate employment, and an administrative hearing was set for April 14, 1994, for both appellant and Strother. However, at Strother's request and with no objection by appellant, the hearing was continued 40 days, to May 24, 1994.

On April 27, 1994, before the administrative hearing was held, the Board adopted Resolution No. 454 terminating appellant (and Strother) and directing Superintendent Dean to give final notice terminating employment as of the last working day of the academic year. The Resolution was labeled "FINAL NOTICE OF NON-REEMPLOYMENT."

On May 11, 1994, Dean sent appellant formal written notice stating: "I regret to inform you that by motion adopted April 27, 1994, the [Board] voted to terminate your services as of the last working day prior to July 1, 1994. [¶] In accordance with the provisions of the Education Code Sections 87740 and 87743, you are hereby notified that your services will not be required for the academic year 1994-95 or thereafter. . . ." A copy of Resolution No. 454 accompanied the notice.

On May 24, 1994, the administrative hearing was held before an administrative law judge (ALJ). Appellant moved to dismiss the case, asserting his statutory and due process rights were violated by the Board's taking final

---

tion, it was not necessary for the court to deal with this matter. The parties do not address this issue on appeal, and it is rendered moot by our affirmance of the judgment.

A notice of appeal was also filed by California Teachers Association (CTA), which filed the trial court petition along with McGhee. McGhee and CTA filed joint appellate briefs. Our references to "appellant" McGhee's contentions thus encompass the contentions of CTA.

[3]Strother's termination is the subject of a separate appeal in *Strother* v. *Butte Community College Dist.* (C021183, app. pending).

action to dismiss him before the hearing. The District, through its attorney, argued the Board's action was necessitated by a statutory requirement that notice of termination be given by May 15. Counsel asserted the Board's action was not "final" and indicated the Board was willing to consider the matter in light of the hearing and the ALJ's proposed decision after the hearing. Appellant responded the statutory deadline was, by the statute's own terms, extended by the ALJ's grant of a continuance of the hearing. The ALJ tentatively ruled in favor of appellant on the motion to dismiss but nevertheless proceeded with the hearing on the merits. The District presented evidence regarding grounds for elimination of the electronics program and termination of appellant.

On June 21, 1994, the ALJ rendered his proposed decision to dismiss the accusation and reinstate appellant as an instructor. The ALJ found that, although the decision to eliminate the electronics program was a proper exercise of discretion, the Board violated the instructors' statutory and constitutional due process rights by making a final decision to terminate before the hearing.

On June 24, 1994, the Board specially met to consider the ALJ's proposed decision. The Board rejected the ALJ's decision and voted to dismiss appellant. On June 24, 1994, Superintendent Dean sent appellant notice stating in part: "On June 24, 1994, the [Board] considered the record and voted to confirm its prior decision that your employment with the Butte Community College District will terminate as of June 30, 1994. . . . [¶] In accordance with the provisions of Education Code §§ 87740 and 87743, you are hereby notified that your services will not be required for the academic year 1994-95 or thereafter. . . ."

On June 30, 1994, appellant petitioned the trial court for a writ of mandate and declaratory relief, contending his termination violated statutory and constitutional protections, inasmuch as the Board had taken final action to dismiss him before the hearing.

In March 1995, the trial court issued a statement of decision denying the writ petition. The court agreed the Board's action in terminating appellant's services and giving him final notice of termination before the administrative hearing was "entirely improper" but concluded the improper notice was "a nullity." The court explained:

"The District's concern about missing the May 15 deadline was misplaced, as the continuance granted by the ALJ automatically continued the subsequent deadline. Cal.Educ.Code § 87740(i). The District explains its

action by saying that it could not be sure the continuance was for good cause. However, continuances may only be granted for good cause (Cal.Govt.Code § 11524), and therefore the finding of good cause was implicit in the granting of the continuance. . . . By issuing a decision prior to the hearing, the District created at least an appearance of disregard for due process, and the ALJ's distress is very understandable.

"This court feels, however, that the better analysis is to treat the premature and improper notice as a nullity, and proceed to analyze the record as though this notice had never been given. The hearing was duly held, and, because the ALJ had continued the hearing for forty days, the District's June 24 notice was timely. The May 11 notice, though improper, did not prejudice petitioner. . . ."

The trial court also found the District had followed all applicable procedures in deciding to discontinue the electronics instruction program, and the decision to end the program was a proper exercise of discretion.

Judgment was entered in April 1995, and appellant filed a timely appeal.

DISCUSSION

I. *Standard of Review*

Code of Civil Procedure section 1094.5, subdivision (a), authorizes a petition for administrative mandamus to challenge an agency decision in cases where an administrative hearing is required by law. Subdivision (b) of that statute provides: "The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."

■ Where the pertinent facts are undisputed, and the appellant claims the agency exceeded its jurisdiction and failed to proceed in a manner required by law, our standard of review is de novo. (*Cal-Air Conditioning, Inc.* v. *Auburn Union School Dist.* (1993) 21 Cal.App.4th 655, 667 [26 Cal.Rptr.2d 703].)

## II. *The Statutory Scheme*

The procedure for layoff of instructors in a community college pursuant to a reduction in teaching staff is prescribed by sections 87740 and 87743.[4] Section 87740, subdivision (a),[5] provides that no later than March 15 the district's superintendent must give preliminary written notice to each affected instructor that termination of his or her services is being considered. The instructor has the right to request an administrative hearing to determine whether there is cause for the layoff. (§ 87740, subd. (b).[6] ) "Cause" includes a reduction in services. (§ 87740, subd. (d), fn. 8, *post*; § 87743, fn. 11, *post*.) If a hearing is requested, it is convened before an ALJ in accordance with the Administrative Procedure Act (APA), Government Code section 11500 et seq., with some modification to accommodate a shortened schedule under the Education Code. (§ 87740, subd. (c).) The ALJ renders a proposed decision, including proposed findings and a recommended disposition, none of which are binding on the governing board. (§ 87740, subd. (c)(3).[7]) The governing board then makes the final decision after the hearing. (§ 87740, subd. (d).[8])

---

[4]These provisions were formerly numbered sections 13443 and 13447. (Stats. 1976, ch. 1010, § 2, pp. 4361-4363.)

[5]Section 87740, subdivision (a), provides in part: "No later than March 15 and before an employee is given notice by the governing board that his or her services will not be required for the ensuing year, the governing board and the employee shall be given written notice by the superintendent of the district or his or her designee . . . that it has been recommended that the notice be given to the employee, and stating the reasons therefor. . . ."

[6]Section 87740, subdivision (b), provides in part: "The employee may request a hearing to *determine if there is cause for not reemploying him or her for the ensuing year*. . . ."

[7]Section 87740, subdivision (c)(3) provides in part: "The hearing shall be conducted by an [ALJ] who shall prepare a proposed decision, containing findings of fact and a determination as to whether the charges sustained by the evidence are related to the welfare of the colleges and students thereof. The proposed decision shall be prepared for the governing board and shall contain a determination as to the sufficiency of the cause and a recommendation as to disposition. However, the governing board shall make the final determination as to the sufficiency of the cause and disposition. None of the findings, recommendations, or determinations contained in the proposed decision prepared by the [ALJ] shall be binding on the governing board or on any court in future litigation. Copies of the proposed decision shall be submitted to the governing board and to the employee on or before May 7 of the year in which the proceeding is commenced. . . ."

[8]Section 87740, subdivision (d), provides: "The governing board's determination not to reemploy a contract employee for the ensuing college year shall be for cause only. The *determination of the governing board as to the sufficiency of the cause pursuant to this section* shall be conclusive, but the cause shall relate solely to the welfare of the colleges and the students thereof and provided that cause shall include termination of services for the reasons specified in Section 87743. The decision made after the hearing shall be effective on May 15 of the year the proceeding is commenced."

If the board determines not to reemploy the instructor, the instructor must be notified by May 15. (§ 87740, subd. (e).[9] ) If the board does not give the requisite notice by May 15, the employee is deemed to be reemployed for the following school year. (§ 87740, subd. (h);[10] § 87743.[11])

However, in the event the ALJ grants a continuance of the hearing, the deadline is extended. (§ 87740, subd. (i);[12] Gov. Code, § 11524, subd. (a).[13])

■ Layoffs must proceed in accordance with the procedures prescribed by the statutes, which are to be strictly followed. (*Greer* v. *Board of Education* (1975) 47 Cal.App.3d 98, 105 [121 Cal.Rptr. 542].)

The underlying objective of the statutory scheme is "to insure that nonreemployment decisions become final within a tightly constricted time frame," primarily for the benefit of affected instructors, affording them fair opportunity to seek employment elsewhere before the coming school year. (*Koons* v. *Placer Hills Union Sch. Dist.* (1976) 61 Cal.App.3d 484, 492 [132 Cal.Rptr. 243]; *Stewart* v. *San Mateo Junior College Dist.* (1974) 37 Cal.App.3d 345, 348 [112 Cal.Rptr. 272].)

[9]Section 87740, subdivision (e), provides: "Notice to the contract employee by the governing board that the employee's service will not be required for the ensuing year shall be given no later than May 15."

[10]Section 87740, subdivision (h), provides: "If the governing board does not give notice provided for in subdivision (e) on or before May 15, the employee shall be deemed reemployed for the ensuing school year."

[11]Section 87743 provides in part: "[W]henever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of the district it shall have become necessary . . . to decrease the number of tenured employees in the district, the governing board may terminate the services of not more than a corresponding percentage of the employees of the district, tenured as well as probationary, at the close of the school year. . . . [¶] Notice of the termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 87740 . . . . In the event that a tenured or probationary employee is not given the notices and a right to a hearing as provided for in Section 87740, he or she shall be deemed reemployed for the ensuing school year. . . ."

[12]Section 87740, subdivision (i), provides: "If, after request for hearing pursuant to subdivision (b), any continuance is granted pursuant to Section 11524 of the Government Code, the dates prescribed in subdivisions (c), (d), (e) and (h) that occur on or after the date of granting the continuance shall be extended for a period of time equal to the continuance."

[13]Government Code section 11524, subdivision (a), provides: "The agency may grant continuances. When an administrative law judge of the Office of Administrative Hearings has been assigned to the hearing, no continuance may be granted except by him or her or by the administrative law judge in charge of the appropriate regional office of the Office of Administrative Hearings, for good cause shown."

III. *Termination Was Valid*

Appellant does not dispute that the Board had cause to terminate him due to the reduction in services. He challenges only the procedure, contending the Board's decision to terminate him before the administrative hearing violated statutory and constitutional protections, thereby rendering the termination invalid. According to appellant, statutory and constitutional law prohibited the Board from taking action to terminate him before the hearing, and after the Board unlawfully acted to terminate him before the hearing, it lost jurisdiction to correct the defect.

We agree the Board's precipitous action was ill-advised. Nevertheless, appellant was afforded a full hearing and a posthearing decision by the Board. The question is whether the premature prehearing decision rendered the subsequent proceedings invalid. We shall conclude it did not.

A. *Statutory Violation*

Appellant contends the Board violated his statutory rights under sections 87740 and 87743 (and the APA provisions incorporated by reference therein) by making a decision before the hearing. We agree the prehearing decision was improper but will conclude it was without consequence because it was a nullity, and the Board subsequently complied with the statutes.

Appellant cites section 87743's provision that if the employee is not given "the notices and a right to a hearing as provided for in Section 87740," he shall be deemed reemployed for the following school year. Appellant cites cases commanding strict construction of sections 87740 and 87743 because the valuable right to continued employment is at stake. (E.g., *Cousins* v. *Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846 [30 Cal.Rptr.2d 310]; *Karbach* v. *Board of Education* (1974) 39 Cal.App.3d 355, 363 [114 Cal.Rptr. 84].) Appellant then cites cases holding that, because sections 87740 and 87743 specify the consequence of noncompliance (i.e., the employee will be deemed reemployed for the following year), the statutes are mandatory and jurisdictional. (*Stewart* v. *San Mateo Junior College Dist.*, *supra*, 37 Cal.App.3d 345 [failure to meet deadline]; *Ward* v. *Fremont Unified Sch. Dist.* (1969) 276 Cal.App.2d 313 [80 Cal.Rptr. 815] [same].)

Here, the Board did comply with the statutes by giving the required notices and right to a hearing. Thus, the May 15 deadline was extended to June 24 by the statute's own terms (because of the continuance), a hearing

was held, and a posthearing decision was rendered within the extended deadline.

However, there was also a premature termination notice before the hearing. We agree with appellant that the May 11 notice was improper because sections 87740 and 87743 (and the APA provisions incorporated by reference) contemplate that the board will not make a final decision regarding termination of an employee until after the administrative hearing. (§ 87740, subd. (d), fn. 8, *ante* [decision made after hearing shall be effective on May 15]; Gov. Code, § 11517.[14])

The question is what is the consequence of the prehearing termination notice under these circumstances?

When an administrative board's action is based on a significant error of law and is taken without the board's lawful authority, the action is void. (*Ferdig* v. *State Personnel Bd.* (1969) 71 Cal.2d 96, 104 [77 Cal.Rptr. 224, 453 P.2d 728]; *Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929]; *B. W.* v. *Board of Medical Quality Assurance* (1985) 169 Cal.App.3d 219, 234 [215 Cal.Rptr. 130].) Thus, the May 11 termination notice, which purported to be a final termination notice without the benefit of the requisite administrative hearing, was a nullity. (*Aylward* v. *State Board etc. Examiners, supra,* 31 Cal.2d at p. 839.)

Appellant contends the Board lost jurisdiction to correct the defect or reopen the matter because the Board failed to issue a timely order for reconsideration under Government Code section 11521.[15] We disagree.

Appellant relies on cases such as *Olive Proration etc. Com.* v. *Agri. etc. Com.* (1941) 17 Cal.2d 204, 209 [109 P.2d 918], which held an agency may be without power to change a prior decision where there is no statutory authority to rehear or reopen the matter.

---

[14]Government Code section 11517 provides in part: "(c) If the [ALJ's] proposed decision is not adopted . . . , the agency itself may decide the case . . . ."

[15]Government Code section 11521 provides in part: "(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If additional time is needed to evaluate a petition for reconsideration filed prior to the expiration of any of the applicable periods, an agency may grant a stay of that expiration for no more than 10 days, solely for the purpose of considering the petition. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition shall be deemed denied. . . ."

However, our Supreme Court later said: "Implicit in the cases denying a board's power to review or reexamine a question [such as *Olive Proration*], is the qualification that the board must have acted within its jurisdiction and within the powers conferred on it. Where a board's order is not based upon a determination of fact, but upon an erroneous conclusion of law, and is without the board's authority, the order is clearly void and hence subject to collateral attack, and there is no good reason for holding the order binding on the board. Not only will a court refuse to grant mandate to enforce a void order of such a board [citations], but mandate will lie to compel the board to nullify or rescind its void acts. [Citation.] *While a board may have exhausted its power to act when it has proceeded within its powers, it cannot be said to have exhausted its power by doing an act which it had no power to do . . . . In such a case, the power to act legally has not been exercised, the doing of the void act is a nullity, and the board still has unexercised power to proceed within its jurisdiction.*" (*Aylward* v. *State Board etc. Examiners, supra,* 31 Cal.2d at p. 839, italics added; followed in *Ferdig* v. *State Personnel Bd., supra,* 71 Cal.2d at p. 108.)[16]

 Here, the Board's original decision contravened the statutory scheme mandating a hearing before the final decision to terminate the employee. By terminating appellant without a hearing, the Board plainly acted upon an error of law and in excess of its authorized powers, and the original decision was void as a matter of law.

Thus, the May 11 termination notice was a nullity, and the Board retained jurisdiction to proceed to do it right, as long as time still remained under sections 87740 and 87743. (See *English* v. *City of Long Beach* (1950) 35 Cal.2d 155, 160 [217 P.2d 22].) Here, the statutory May 15 deadline contained in sections 87740 and 87743 was, by section 87740's own terms, extended 40 days (to June 24) due to the ALJ's grant of the continuance of the hearing. (§ 87740, subd. (i), fn. 12, *ante*.) Appellant agrees the deadline was extended and does not contend the June 24 decision was untimely under the extended deadline. Thus, appellant received sufficient notice that he was being terminated.

---

[16]In *Aylward*, the State Board of Chiropractic Examiners revoked certain chiropractic licenses upon discovery that statutory procedures were not followed in the examination process. The most serious defect was that numbers were not assigned to examinees to conceal their identity; however, there was no evidence that the defect resulted in favoritism. (*Aylward* v. *State Board etc. Examiners, supra,* 31 Cal.2d at pp. 840-841.) The Supreme Court determined the licensees all passed an examination which was fairly given and which adequately tested their qualifications. (*Id.* at p. 841.) The public was fully protected, and the procedural defects did not render the licenses void as a matter of law. (*Id.* at pp. 840-841.)

Moreover, the District did not attempt to use the premature notice to avoid a hearing. At the time of the May 11 notice, all parties knew the administrative hearing would be held on May 24. The hearing was held, and the District assumed the burden of demonstrating grounds for termination at that hearing. That the superintendent characterized the June 24 termination notice as "confirming" the Board's original decision does not, in our view, undermine the effectiveness of the June 24 decision. Moreover, it is clear from the Board's written decision on June 24 that the Board considered the merits of the matter anew in light of the hearing and the ALJ's proposed decision.

Appellant claims the Board never argued below that its initial decision was a nullity. Assuming that to be the case, the Board's lapse does not preclude us from determining the issue as a matter of law, as did the trial court.

Appellant also complains the Board failed to proceed under the reconsideration statute (Gov. Code, § 11521, fn. 15, *ante*) because it did not issue a formal order for reconsideration. However, that statute provides a form of statutory authority for reopening a valid decision. The power enunciated in *Aylward* is not dependent on the existence of any statutory authority but applies where there is no statutory basis to reopen a prior decision. Thus, the noncompliance with Government Code section 11521 is without consequence.[17]

Finally, we note appellant has not shown any prejudice. Thus, *Greer* v. *Board of Education, supra*, 47 Cal.App.3d 98, held an employee was not entitled to any remedy where a violation of the "spirit, if not the letter" of the law was nonprejudicial. (*Id.* at pp. 113, 117 [denial of opportunity to be

---

[17]The Board makes no response concerning Government Code section 11521. Instead, the Board claims it had the power to act on June 24 because Government Code section 11519 assertedly allows an agency to reconsider anytime before the decision becomes effective, and the May 11 notice specified appellant's employment would terminate on the last school day before July 1, 1994. However, Government Code section 11519 merely allows a stay of execution of the effective date of the decision; it does not alter the deadline for reconsideration. Thus, Government Code section 11519 provides in part: "(a) The decision shall become effective 30 days after it is delivered or mailed to respondent unless: a reconsideration is ordered within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted. [¶] (b) A stay of execution may be included in the decision or if not included therein may be granted by the agency at any time before the decision becomes effective. . . ."

Section 87740, subdivision (d), footnote 8, *ante*, provides an effective date for finality of the decision (for purposes of reconsideration and judicial review) in that the decision "made after the hearing" is effective on May 15 (or a later date if there is a continuance pursuant to § 87740, subd. (i), fn. 12, *ante*). Here, the original decision was not made after a hearing and thus the provision does not apply.

heard on issue whether charges found to be true constituted sufficient cause for termination].) Appellant contends that to disregard Resolution No. 454 and the May 11 notice would render meaningless the statutory protections requiring adherence to the May 15 deadline so as not to leave teachers "in limbo during a time when districts are interviewing prospective teachers for the following year." However, as indicated, section 87740 itself provides for extension of the May 15 deadline when the hearing has been continued. (§ 87740, subd. (i), fn. 12, *ante.*) The statutory protections have not been rendered meaningless.

We conclude there was compliance with the governing statutes because the May 11 termination notice was a nullity, and appellant received the requisite hearing and posthearing decision and termination notice.

### B. *Due Process*

Appellant argues fundamental due process required a hearing *before* the Board acted to terminate his employment. We find no basis for reversal.

Appellant's right to continued employment was a valuable property right protected by due process. (*Cleveland Board of Education* v. *Loudermill* (1985) 470 U.S. 532, 538-541 [84 L.Ed.2d 494, 501-503, 105 S.Ct. 1487] (*Loudermill*); *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 207 [124 Cal.Rptr. 14, 539 P.2d 774].)

An essential component of due process is a fair opportunity to be heard before deprivation of a significant property interest. (*Loudermill, supra,* 470 U.S. at p. 542 [84 L.Ed.2d at p. 503].)

Assuming for the sake of argument that due process required a hearing before termination, appellant got it. Thus, the first termination notice was a nullity, and the second termination notice was issued after the hearing and before discharge.

Appellant attaches great significance to the fact that Resolution No. 454 (which instructed the superintendent to send the May 11 termination notice) was labeled "FINAL NOTICE OF NON-REEMPLOYMENT." If appellant means to suggest he was thereby terminated on May 11, we disagree. We have explained the first notice was a nullity. Moreover, the fact that Resolution No. 454 was captioned "FINAL NOTICE" does not lead to the conclusion that appellant suffered a deprivation at that point in time. The May 11 notice advised that employment was not scheduled to terminate until the last working day before July 1, and all parties were aware that a hearing would

be held on May 24. Thus, appellant's termination did not take effect before the hearing.

Appellant cites *Skelly* v. *State Personnel Bd., supra*, 15 Cal.3d at page 216, for its rejection of the theory that due process is satisfied as long as a hearing is provided "at some stage of the proceedings." However, *Skelly* does not assist appellant. The Supreme Court there held that, even though the civil service statutes afforded employees a full hearing after discharge, employees are entitled to a preremoval opportunity to respond to charges. (*Id.* at p. 215.) Here, appellant received a preremoval hearing.

Appellant also relies upon *Kempland* v. *Regents of University of California* (1984) 155 Cal.App.3d 644 [202 Cal.Rptr. 275]. There, the appellate court ordered reinstatement of an employee, where the employer gave the employee only one day to prepare a defense to a notice of intent to dismiss and then refused to discuss the charges with him and refused to consider his timely written response. (*Id.* at pp. 649-650.) We see nothing in *Kempland* that assists appellant.

In our view, the crucial consideration is whether the hearing that was afforded to appellant was fair in the sense that the Board members had not already unalterably made up their minds to terminate him, so as to render the hearing a sham.

Thus, "[a] fundamental requirement of due process is 'the opportunity to be heard.' [Citation.] It is an opportunity which must be granted at a meaningful time and *in a meaningful manner*." (*Armstrong* v. *Manzo* (1965) 380 U.S. 545, 552 [14 L.Ed.2d 62, 66, 85 S.Ct. 1187], italics added.)

In *Armstrong*, a biological father was not notified of adoption proceedings, in which the adoptive parents alleged the biological father's consent to adoption was not required due to his failure to contribute to the support of the child. (380 U.S. at p. 547 [14 L.Ed.2d at p. 64].) When the biological father learned an adoption decree had been entered, he filed a motion to set aside the decree and grant a new trial. Without setting aside the decree, the trial court conducted a hearing at which the biological father sought to show he had not failed to contribute to the child's support. (*Id.* at pp. 548-549 [14 L.Ed.2d at pp. 64-65].) The United States Supreme Court held the postjudgment hearing did not cure the due process violation, because in the procedural posture of the case the burden of proof was improperly shifted to the biological father, whereas the burden would have been on the adoptive parents had proper notice been given in the first instance. (*Id.* at pp. 551-552 [14 L.Ed.2d at pp. 66-67].) The slate could have been wiped clean only if the trial court set aside the decree and considered the case anew. (*Ibid.*)

Appellant cites *Armstrong* and another case (*Menefee & Son* v. *Department of Food & Agriculture* (1988) 199 Cal.App.3d 774, 781 [245 Cal.Rptr. 166]), for the proposition that due process is not satisfied by a hearing after the fact, when the citizen has the burden of overcoming an adverse decision already made. Here, however, the burden was not improperly shifted to appellant. Rather, the District at the administrative hearing assumed the burden to establish grounds for termination and presented several witnesses to meet that burden. Appellant fails to show that the burden was improperly shifted to him.

Nor does appellant show the Board was unable to be fair in its posthearing decision. Appellant's brief at most hints he could not receive a fair hearing after the Board had already made a decision. Since appellant fails to provide any factual or legal analysis, we do not consider appellant to be raising a contention that he was deprived of an impartial decisionmaker. (*In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672-673, fn. 3 [33 Cal.Rptr.2d 13] [reviewing court may disregard contentions not supported by legal or factual analysis].)

Moreover, we note the law presumes good faith action by administrative decisionmakers. (*Burrell* v. *City of Los Angeles* (1989) 209 Cal.App.3d 568, 576-585 [257 Cal.Rptr. 427].) Appellant cites nothing in the record to rebut this presumption. That the Board had the May 11 termination notice sent in order to avoid the statutory deadline does not reflect an inability to be fair in its posthearing decision.[18] We recognize appellant notes the Board's argument that it was not bound by the ALJ's decision and the ALJ's decision "serves no identifiable function." We do not construe this, and appellant does not urge it, as evidence that the Board members were incapable of a fair decision after the hearing. Moreover, we note the ALJ determined elimination of the electronics program was a proper exercise of discretion. In its posthearing decision, the Board treated the case anew and cited the evidence adduced at the administrative hearing as support for its decision.

Nothing in the record indicates the hearing was a sham. Evidence adduced at the hearing overwhelmingly supported the Board's conclusion that the electronics program had to be eliminated for budget reasons, and appellant does not contend to the contrary. Appellant cites nothing in the hearing procedure or the Board's subsequent meeting to indicate the Board did not give full and fair consideration to the evidence adduced at the hearing.

---

[18] In his reply brief, appellant says the Board never presented evidence in the trial court that the reason it issued the May 11 notice was out of fear of the May 15 deadline. However, in his opening brief on appeal, appellant said the Board "conceded" it gave the May 11 notice in order to "beat" the May 15 deadline.

We conclude appellant was given a meaningful opportunity to be heard, and he fails to show any statutory or constitutional violation requiring reversal.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

Puglia, P. J., and Davis, J., concurred.

A petition for a rehearing was denied September 17, 1996.